**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:25-cv-25503-WILLIAMS/LETT**

MELANIE E. DAMIAN, as Receiver of
ACCANITO EQUITY, LLC;
ACCANITO EQUITY II, LLC;
ACCANITO EQUITY III, LLC;
ACCANITO EQUITY IV, LLC;
ACCANITO CAPITAL GROUP, LLC;
ACCANITO HOLDINGS, LLC;
SURGE, LLC,

Plaintiff,
v.

VALO HOLDINGS GROUP, LLC;
JANA SEAMAN, individually,
OCEANFRONT STAFFING, LLC;
JUSTIN HERTZBERG, individually, and
GARRETT HOLLANDER, individually,

Defendants.
_______________________________________/

**STIPULATED PROTECTIVE AND**
**CONFIDENTIALITY ORDER AND RULE 502(D) ORDER**

IT IS HEREBY STIPULATED AND AGREED by, between, and among Plaintiff, Melanie E. Damian, as court-appointed receiver for the Receivership Entities[1] ("Receiver") and respective counsel for Defendants Valo Holdings Group, LLC ("Valo"), Jana Seaman ("Jana"), Oceanfront Staffing LLC ("Oceanfront"), Justin Hertzberg ("Hertzberg"), Garrett Hollander ("Hollander"),

[1] This Court in the SEC Enforcement Action captioned *SEC v. Seaman*, Case No. 23-cv-22791-KMW (S.D. Fla.) entered an Order [ECF No. 18] ("Receivership Order") appointing the Receiver for the following entities controlled by Brent A. Seaman: Accanito Capital Group, LLC ("ACG"), Accanito Equity, LLC, Accanito Equity II, LLC, Accanito Equity, III, LLC, Accanito Equity IV, LLC, (all collectively the "Accanito Entities"), Surge, LLC ("Surge") and Relief Defendant Surge Capital Ventures, LLC ("SCV"). The Receiver sometimes refers to the Accanito Entities, Surge, and SCV together as the "Receivership Entities".

together will all other defendants, (“Defendants”), and Defendants together with the Receiver (the “Parties” or individually a “Party”) as follows:

1. Disclosure and discovery activity in this action may involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. This Stipulated Protective and Confidentiality Order and Rule 502(d) Order (the “Protective Order”) does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the information or items that are entitled to confidential treatment under the applicable legal principles. As set forth below, this Protective Order does not independently entitle the Parties to file confidential information under seal; Local Rule 5.4 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

2. After the entry of the Protective Order, any Party in this case shall have the right to designate as “CONFIDENTIAL” (“Designating Party”) for purposes of this Protective Order any information which that Party produces in this case, or has produced, or which is or has been produced by a party or a non-party relating to a Party whether it be a document, information contained in a document, an answer to interrogatories, request for inspection of tangible things, or other information produced or supplied that the Party in good faith believes contains non-public confidential, proprietary, trade secret, or other commercially-sensitive information.

3. Any third-party producing documents to a Party in this action shall have the right to designate as “CONFIDENTIAL” any document produced that the third party believes, in good faith, meets the definition of those terms as outlined in paragraph 2 above. Any designation made by a third party shall be treated as if such designation was made by a Party, with all the

accompanying rights and obligations stated herein, including, but not limited to, the right of any Party to challenge such designation before the Court.

4. Any information or material so designated shall be considered "CONFIDENTIAL" material for purposes of this Protective Order and shall be used by the receiving Party or Parties solely in connection with this action. Information or material designated as "CONFIDENTIAL" material may not be used or disclosed except as provided in this Protective Order. When the litigation has been terminated, a receiving Party must comply with the provisions of Paragraph 18 of this Protective Order.

5. Any Party or non-party in possession of information or documents designated as "CONFIDENTIAL" must use reasonable measures to store and maintain such information or documents so as to prevent unauthorized disclosure. Information and materials designated as "CONFIDENTIAL" must be stored and maintained by a Party that received such information or documents or its counsel at a location and in a reasonably secure manner to ensure that access is limited to the persons authorized under this Protective Order.

6. The designation of discovery material as "CONFIDENTIAL" for purposes of this Protective Order shall be made as follows:

a. In the case of a document, an answer to interrogatories, a response to requests for admission, or other written material (apart from depositions, other pretrial testimony, transcripts thereof, and exhibits thereto), by stamping in a conspicuous place on the top or bottom of each page containing such confidential information the term "CONFIDENTIAL;"

b. In the case of electronically stored information produced in native format, by including "CONFIDENTIAL" in the file or directory name, a "CONFIDENTIAL" stamp or legend on the associated bates-stamped slip sheet, or otherwise informing the receiving Parties, in

writing, that the electronically stored information produced in native format is "CONFIDENTIAL;"

c. In the case of a tangible thing, by placing in a prominent place the term "CONFIDENTIAL;"

d. If information is produced on a flash drive or some other tangible medium, by informing the receiving Party in writing that the information is "CONFIDENTIAL;"

e. A supplying Party's designation of any material as "CONFIDENTIAL" shall also render "CONFIDENTIAL" any copies, excerpts, summaries, or other disclosure of the substance or contents of such material;

f. For testimony given in deposition or in other pretrial or trial proceedings, the Designating Party may identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. Alternatively, the Designating Party may, within fourteen (14) days after receipt of a final transcript, or after the date of the Protective Order, identify the specific portions of testimony that are to be marked as "CONFIDENTIAL" by notifying the court reporter and all Parties in writing. The testimony will be presumptively treated as "CONFIDENTIAL" for the fourteen (14) days after the receipt of a final transcript or until the Designating Party notifies the court reporter and all Parties in writing of its confidentiality designations, whichever is sooner. Only those portions of the testimony that are appropriately designated for protection within fourteen (14) days after receipt of a final transcript shall be covered by the provisions of this Protective Order. A Designating Party may specify, at the deposition or up to fourteen (14) days after receipt of a final transcript if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL."

7. If timely corrected, an inadvertent failure to designate qualified information or documents does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

8. In the event that a receiving Party disagrees with any designation, the receiving Party should provide written notice to the producing Party of the designations it is challenging and basis, stating to avoid ambiguity that the challenge is being made in accordance with Local Rule 26.1, the Court's Scheduling Order [ECF No. 66], and this paragraph of this Protective Order. Within seven (7) days of receiving this notice, the receiving and Designating Party shall confer and attempt in good faith to resolve the disagreement. If the receiving Party and Designating Party fail to resolve their dispute, the Party objecting to the designation may apply by motion to the Court within fourteen (14) days of the initial notice of challenge or within seven (7) days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier, for a determination of whether the designated information should remain as designated. However, the Party making the designation shall have the burden of proving the necessity for the designation. Until the Court rules on the objecting Party's motion (or until the Designating Party fails to timely respond to the objecting Party's motion), any information that has been produced and designated shall be treated as so designated and subject to the terms of this Protective Order. No Party to this action shall be obligated to challenge the propriety of any designation and a failure to do so shall not preclude a subsequent attack on the propriety of such designation. Nothing in this Protective Order shall be construed to adjudicate the actual confidentiality of any such material, but rather

this Protective Order is entered solely for the purpose of facilitating the discovery process in this action.

9. Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the Designating Party specifically consents in advance in writing to such disclosure, or if the Court, after notice to all Parties, orders such disclosure. A Party intending to use information or documents designated as "CONFIDENTIAL" during a hearing or trial before the Court, including through argument or the presentation of evidence, will give notice of the designated information or documents to be disclosed to the Party that produced the information or documents not less than seven (7) calendar days in advance of the appearance date, or such reasonable time if not practicable to give seven (7) days' notice. If the producing Party makes a motion to the Court regarding the use of the designated information or documents, the Party intending to use the information may do so only after taking such steps, if any, that the Court shall decide is necessary to preserve the confidentiality of such information or documents designated as "CONFIDENTIAL."

10. Whenever any information or material designated "CONFIDENTIAL" is disclosed or used at a deposition in which testimony in this action is given, each portion of any such testimony in which such information is disclosed or used shall be conducted with only those persons in attendance who are authorized under this Protective Order to have access to such information.

11. Documents and other material designated "CONFIDENTIAL" pursuant to the terms of this Protective Order may only be disclosed to:

a. any partners, directors, officers, or employees of a Party to whom the Party's counsel of record reasonably believes disclosure is necessary in connection with the prosecution, defense or settlement of this action;

b. the Parties' counsel of record in this case and their in-house counsel, and their employees or professional assistants, paralegals, legal assistants and secretaries working on this action;

c. any insurer of a Party, including representatives, claims personnel and attorneys of the insurer;

d. trial or deposition witnesses and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony in this action;

e. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

f. mediators or arbitrators, and their support personnel, engaged by the Parties for settlement purposes in this action;

g. any independent experts, consultants, or independent contractors employed to advise or assist counsel of record for any Party in the prosecution, defense or settlement of this action, and any of their employees or support personnel working on this action, provided that such expert, consultant or contractor to whom the disclosure is to be made consents in writing to be bound by the terms of this Protective Order by executing an *Agreement to be Bound to Protective and Confidentiality Order and Rule 502 Order(d)*, attached hereto as Exhibit 1, providing therefor;

h. the Court and Court personnel at any pretrial or post-trial stage in this case;

i. court reporters or audio-visual personnel actually recording proceedings in this action, including deposition reporters, video operators, interpreters, and transcribers;

j. employees of firms, outside service providers, or vendors engaged by the Parties who are directly assisting counsel in this action, such as for purposes of photocopying, electronic imaging or computer litigation support in connection with this litigation, and who have been advised of their obligations under this Protective Order; and

k. other persons as agreed to by the Parties in writing and in advance of such disclosure or as ordered by the Court.

12. Unless the confidentiality designation is otherwise waived in writing by the Designating Party, before filing any material designated as "CONFIDENTIAL" by another Party or quoting or reflecting material designated as "CONFIDENTIAL" by another Party, the filing Party shall either: (1) request to file such material under seal in accordance with Local Rule 5.4, or (2) provide the Designating Party with at least five (5) days' written notice before filing and provide reasonable cooperation to facilitate a request by the Designating Party for the material to be filed under seal in accordance with Local Rule 5.4.

13. Nothing herein shall be construed as an agreement or admission:

a. by the receiving Party that any material designated as "CONFIDENTIAL" by the producing Party is in fact confidential; or

b. with respect to the competency, relevancy, materiality, or admissibility of any information, document, or the like.

14. All Parties and their counsel in this litigation shall make a good faith effort to ensure that their employees and agents comply with this Protective Order.

15. Nothing in this Protective Order alters or amends the Parties' right to the assertion of any privileges and nothing in this Order should be deemed to waive any privilege recognized

by law, or should be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

16. If at any time any information designated as "CONFIDENTIAL" and governed by this Protective Order is subpoenaed or requested by a court, an administrative or legislative body, or by any other person or entity purporting to have authority to require the production of such information, the person to whom the subpoena is directed (the "Subpoenaed Party"): (i) shall give prompt written notice by electronic or regular mail to counsel for the Designating Party but in no case later than seven (7) days prior to the response date stated in the subpoena or request unless the subpoena or request requires a response date earlier than seven (7) days, in which case the notice shall be as soon as practicable upon the Subpoenaed Party's receipt of the process along with a copy of the subpoena or request (unless providing disclosure of the subpoena or request is prohibited by law or court order) to the Designating Party; and (ii) shall cooperate with respect to reasonable procedures sought to be pursued by the Designating Party whose information designated as "CONFIDENTIAL" may be affected. After the receipt of the notice specified under this paragraph, the Designating Party shall have the sole responsibility and bear the burden and expense for obtaining any order it believes necessary to prevent disclosure of documents or information designated "CONFIDENTIAL." If the Designating Party does not move to quash the subpoena, move for a protective order, or seek another appropriate order within the time allowed for the discovery sought by the subpoena or request (or within such time as a court may direct or as may be agreed upon between the Designating Party and the Subpoenaed Party) or give written notice of such motion to the subpoenaing or requesting party and the Subpoenaed Party, the Subpoenaed Party may commence production in response thereto on the date designated on the subpoena or request. In all other aspects, the Subpoenaed Party shall cooperate with the

Designating Party to the extent permitted by law. Notwithstanding the filing of a motion to quash or for protective order, nothing in this paragraph requires the Subpoenaed Party to withhold production of documents during the pendency of the motion if not permitted by law to do so or to otherwise take any action no in compliance with duly issued legal process or a court order.

17. This Protective Order has been entered to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Protective Order, nor the designation of any material, nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

18. Nothing in this Order shall be construed to limit in any way any producing Party's, receiving Party's, or any other person's use of its own documents. This Protective Order also shall not be construed to cause any counsel to produce, return, and/or destroy their own attorney-work product, or the work product of their co-counsel, created in anticipation of or in connection with this action.

19. All "CONFIDENTIAL" material produced by any Party during the course of the proceeding of this action, all copies thereof in any form stored or reproduced, and materials that contain or refer to confidential information of another Party upon written request, shall be promptly destroyed, within sixty (60) days of the final termination of this action, including appeals unless otherwise agreed. If requested in writing, a Party in possession of "CONFIDENTIAL" material to be destroyed such shall certify in writing that it has undertaken its best efforts to destroy such material, and that such material designated as "CONFIDENTIAL" has been destroyed to the best of its knowledge. Such materials to be destroyed shall not include the work product of counsel for the Parties, expert witnesses or consultants or investigators or agents thereof, including internal correspondence between counsel of record and correspondence between counsel of record and the

Party it represents. Additionally, Parties need not destroy, and may retain, the pleadings and attorneys' notes relating to this action, as well as one copy of the discovery responses, deposition transcripts, final expert reports, and deposition and trial exhibits, subject to the other terms of this Protective Order.

20. Nothing herein shall be construed to provide a basis for non-compliance with the Parties' obligations to produce documents under the rules of the forum, or other applicable rules of procedure; nothing herein shall be construed to waive any right that any Party may have to object to any demand for production of any documents or any other form of discovery; nothing herein shall preclude any Party from seeking greater protection with respect to any documents than that provided for in this Protective Order; and nothing herein prejudices the right of any Party to seek relief from, or modification of, this Protective Order by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under applicable law.

21. Nothing in this Protective Order shall apply to:

a. Information which at or prior to disclosure thereof in this action is or was in the public domain or which, after disclosure thereof to the persons or Parties bound by this Protective Order, becomes public without action on their part;

b. Information which was rightfully possessed by the Party or Parties receiving it other than through its production in the proceedings of this action, but a Party may designate a communication or document with another Party as CONFIDENTIAL even if the other Party is in possession of that communication or document prior to the entry of this Protective Order; and

c. Information which is independently developed through proper means by a receiving Party without reference to the information disclosed to the receiving Party.

22. The provisions of this Protective Order shall continue to be binding until modified, superseded, or terminated by order of the Court or by written agreement of the Parties. The Court shall have jurisdiction over the Parties for enforcement of the provisions of this Protective Order following the conclusion of the action.

23. Pursuant to Federal Rule of Evidence 502(d), the production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

24. If a producing Party makes a claim of inadvertent disclosure of information or documents subject to a claim of attorney-client privilege, trial preparation privilege, attorney work product protection or any other privilege or immunity from disclosure, the receiving Party shall, within seven (7) business days, return or destroy all copies of the inadvertently disclosed information or documents and provide a written notification to the producing Party that all such information has been returned or destroyed. This requirement to return or destroy such material does not require a Party or individual subject to this Protective Order to produce or destroy any computer archival or backup tapes, archival or backup systems, archival or backup servers, archival or backup files, any information that is only retrievable through the use of specialized tools or techniques typically used by a forensic expert, or any other data that is generally considered not reasonably accessible.

25. A producing party that identifies confidential material inadvertently produced in the form of a document or part of a document must include such document on its privilege log.

26. To the extent that a responsive document contains information protected by the attorney-client privilege, trial preparation privilege, attorney work product protection or any other privilege or immunity from disclosure, and also contains responsive information not protected by any of the above-listed privileges or immunities, the Party producing the responsive document shall redact the privileged material and produce the remainder of the document. Any redactions shall be clearly indicated on each page of the document from which information is redacted, bearing a designation that it has been redacted.

27. Further, inadvertent disclosure of any confidential information in the course of discovery in this action shall not constitute a waiver of confidentiality or a Party's right to claim confidentiality over such information. If a receiving Party learns that, by inadvertence or otherwise, it has disclosed information or documents designated as "CONFIDENTIAL" to any person or in any circumstance not authorized under this Protective Order, the receiving Party shall exercise reasonable efforts: (i) to ensure the return or destruction of such disclosed material, information or documents designated as "CONFIDENTIAL", and (ii) to ensure that such disclosed material, information or documents are not further disclosed, copied, transferred, or shared, except in accordance with the terms of this Protective Order.

28. The Parties retain the right to challenge any "claw back" request made based upon this Protective Order. The material subject to the "claw back" request remains protected pending the Parties' efforts to resolve the matter, and while the Parties are presenting the disputed materials to the Court to adjudicate whether the materials are indeed protected and/or if an exception to a protective applies, including waiver. The Party asserting a challenge to any "claw back" request

must do so in writing within seven (7) days of receipt of the written “claw back” request. If within seven (7) days of receipt of the writing disputing the “claw back” request the Parties are at an impasse concerning the dispute, the Party asserting the dispute shall seek court intervention to resolve the dispute.

**[SIGNATURES APPEAR ON THE FOLLOWING PAGE]**

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD, on July 27, 2026.

Respectfully submitted,

DAMIAN | VALORI | CULMO
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: (305) 371-3960
*Counsel for Melanie E. Damian, as Court-Appointed Receiver*

By: */s/Kristopher E. Pearson*
Kristopher E. Pearson
Florida Bar No. 16874
Email: kpearson@dvcattorneys.com

Turkel Cuva Barrios Guerra
100 N. Tampa Street, Suite 1900
Tampa, Florida 33602
Telephone: (813) 834-9191
*Counsel for Valo Holdings, LLC and Jana Seaman*

By: */s/ George Guerra*
George Guerra
Florida Bar No. 0005762
gguerra@tcb-law.com
Emma Canniff
Florida Bar No. 1070157
ecaniff@tcb-law.com

ROTTENSTRIECH FARLEY BRONSTEIN FISHER POTTER HODAS LLP
201 South Biscayne Boulevard, Suite 840
Miami, Florida 33131
Telephone: (305) 921-1880
*Counsel for Defendants, Oceanfront Staffing, LLC, and Justin Hertzberg*

By*: /s/ Zachary R. Potter*
Zachary R. Potter
Florida Bar No. 64430
Email: zpotter@RFBllp.com
eservice@RFBllp.com

PAUL HASTINGS LLP
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone: (312) 499-6005
*Counsel for Defendants, Oceanfront Staffing, LLC, and Justin Hertzberg*

By: */s/ Renato Mariotti*
Renato Mariotti
Illinois Bar No. 6323198
*Admitted Pro Hac Vice*
Email: renatomariotti@paulhastings.com
Holly Campbell
Illinois Bar No. 6320395
*Admitted Pro Hac Vice*
Email: hollycampbell@paulhastings.com

DGIM LAW, PLLC
2875 NE 191st Street, Suite 705
Aventura, FL 33180
Telephone: (786) 698-6304
*Counsel for Defendant Garret Hollander*

By: */s/ Jonathan E. Groth*
Daniel Y. Gielchinsky

Florida Bar No. 97646
Dan@dgimlaw.com
Jonathan E. Groth
Florida Bar No. 102648
jonathan@dgimlaw.com

**DONE AND ORDERED** in Chambers at Miami, Florida this 10th day of August 2026.

Enjoliqué A Lett

JUDGE ENJOLIQUÉ A. LETT
UNITED STATES MAGISTRATE JUDGE

cc: **All Counsel of Record**

**EXHIBIT 1**

**AGREEMENT TO BE BOUND TO PROTECTIVE AND CONFIDENTIALITY ORDER AND RULE 502(D) ORDER**

I, ___________________________________, declare and say that:

1. I have read the Stipulated Protective and Confidentiality Order and Rule 502(d) Order (the "Protective Order"), between the parties in the matter captioned (the "Action"), and understand its contents.

2. I promise that I will use any and all information designated as "CONFIDENTIAL," as defined in the Protective Order, given to me only in a manner authorized by the Protective Order.

3. I promise that I will not disclose or discuss any and all information designated as "CONFIDENTIAL," as defined in the Protective Order, with anyone other than the persons described in paragraph 11 of the Protective Order.

4. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court where the Action specific to my receipt of information subject to this Protective Order is pending with respect to the enforcement of the Protective Order.

5. I understand that any disclosure or use of any and all information designated as "CONFIDENTIAL," as defined in the Protective Order, in any manner contrary to the provisions of the Protective Order may subject me to sanctions.

6. I will return any and all information designated as "CONFIDENTIAL," as defined in the Protective Order, to the person who provided them to me, upon request of that person, and I shall not retain any copies of said information or any information designated as "CONFIDENTIAL," as defined in the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Date: ___________________________ _______________________________