**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CV-25503-WILLIAMS/LETT**

MELANIE E. DAMIAN, as Receiver of ACCANITO EQUITY, LLC; ACCANITO EQUITY II, LLC; ACCANITO EQUITY III, LLC; ACCANITO EQUITY IV, LLC; ACCANITO CAPITAL GROUP, LLC; ACCANITO HOLDINGS, LLC; and SURGE, LLC,

Plaintiff,

v.

VALO HOLDINGS GROUP, LLC; JANA SEAMAN, individually; OCEANFRONT STAFFING, LLC; JUSTIN HERTZBERG, individually; and GARRET HOLLANDER, individually,

Defendants.
_______________________________________/

**RECEIVER'S RESPONSE IN OPPOSITION TO DEFENDANTS' EXPEDITED MOTION TO STAY MEDIATION AND EXPERT DISCOVERY DEADLINES PENDING RULINGS ON MOTIONS TO DISMISS**

Plaintiff Melanie E. Damian, as Receiver ("Receiver"), respectfully submits this response in opposition to Defendants' Expedited Motion to Stay Mediation and Expert Discovery Deadlines Pending Rulings on Motions to Dismiss (the "Motion") [Dkt. No. 75], and states:

## INTRODUCTION

The Receiver is prepared to attend mediation on September 11, 2026, and make expert disclosures on September 14, 2026, along with production of all relied upon documents in accordance with Rule 26. She has been working diligently to comply with this Court's deadlines in the Scheduling Order. *See* Dkt. No. 66. The Receiver also commenced rolling production of

documents to Defendants earlier this week, starting with documents received from SurgeTrader (presently controlled by Defendant Jana Seaman), and will continue rolling production and discovery conferral with Defendants.

It is noteworthy that Defendants have yet to produce ***any*** responsive documents to the Receiver, including critical text messages, call logs, and other communications relating to their decisions to accept and utilize capital into SurgeTrader. This discovery deficiency creates real informational disparity not in the Receiver's favor as Defendants imply but in Defendants' favor. Indeed, Defendants as the operating members and managers alone possess the crucial communications amongst themselves concerning their misapplication of capital. After all, the Receiver is a court-appointed fiduciary who was not personally involved in the underlying transactions unlike the Defendants, who were involved in the subject company day to day for years and accepted over $20 million in distributions.

Defendants, in the Motion, seek to stay mediation and expert-discovery deadlines until the Court resolves three pending Rule 12(b)(6) motions.[1] The Court should deny their request for the several reasons set forth below.

***Defendants' pending Rule 12(b)(6) motions to dismiss are not case dispositive and should be denied.*** The Receiver's omnibus response demonstrates why Defendants' arguments fail. *See* Dkt. No. 53. Defendants cannot delay a case's progress simply through filing pre-answer, non-dispositive motions and then seeking a stay pending ruling on their motions. That strategy directly violates Rule 1's mandate that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive

---

[1]Defendants improperly used the Motion as the platform to improperly reargue their motions to dismiss after the briefing has closed. The Receiver elects to respect briefing procedure and not reargue her response to the motions to dismiss here.

determination of every action and proceeding." Fed. R. Civ. P. 1. As such, the three pending non-dispositive Rule 12(b)(6) motions to dismiss do not justify suspending significant case deadlines and delaying the progression of this case, which should stay on track to meet the May 17, 2027 trail setting.

***Expert discovery is not premature.*** Defendants' prematurity thesis depends upon the faulty premise that the Court will dismiss claims in the Complaint with prejudice and without leave to amend, which clearly invites reversible error. Moreover, the Receiver's claims against Defendants arise from and relate to their failure to adjust the percentage interest in accordance with capital contributions knowingly received resulting in disproportionate distributions. This fundamental theory underlies the entire Complaint, and no sand will shift because of rulings on motions to dismiss. Finally, expert disclosures in this case are staggered, which does not always occur in this District, so Defendants will receive the Receiver's expert report, and all relied upon documents by September 14. Their experts will then have until September 28 to formulate their reports. And the parties shall exchange rebuttal reports by October 12. This staggered reporting sequence largely mitigates the issues Defendants raise concerning the state of the parties document production.

***Pending rulings foster compromise***. Defendants' arguments concerning prematurity of mediation fail for the same reasons as their other arguments. Despite their confidence in their Rule 12(b)(6) motions, the point of mediation is to resolve matters short of full litigation to final disposition. Uncertainty of litigation outcomes is the precise reason parties settle to mitigate risk. A ruling in either direction does not end the case and will likely not tip the state of the merits in either party's direction to materially alter their negotiation dynamics because the motions are initial pre-answer, non-dispositive motions. At bottom, Defendants overblow the significance of their pending motions strategically to manufacture a basis for delay.

***Defendants' information asymmetry argument is backwards***. The central evidence concerns SurgeTrader's Operating Agreement, its tax records and K-1s, its banking and distribution records, and Defendants' own conduct as SurgeTrader Members, affiliated entities, and Managers. Defendants controlled SurgeTrader, participated in the challenged conduct, and are themselves the principal repositories of the relevant documentary and non-documentary evidence. The Receiver will comply with discovery obligations and produce responsive, nonprivileged documents within her possession, custody, or control. But Defendants do not demonstrate the requisite cause for a stay by demanding that the Receiver first reproduce Defendants' own records back to them for the case to progress.

Ultimately, despite Defendants' suggestions to the contrary, their pending motions, even if successful, will not prune claims and narrow the fundamental nature of this case. As such, the Court should deny the Motion and direct the parties to proceed based upon the current court ordered schedule, including mediation and expert disclosures.

## RESPONSE IN OPPOSITION

### I. The Pending Rule 12(b)(6) Motions Do Not Warrant a Stay of Deadlines

"It is well settled that a stay represents 'an intrusion into the ordinary processes of administration and judicial review.'" *Wyndham Vacation Ownership v. Montgomery*, Case No. 8:19-cv-1895-CEH-CPT, 2021 U.S. Dist. LEXIS 207860, at *5-6 (M.D. Fla. Oct. 18, 2021) (citing *Nken v. Holder*, 556 U.S. 418, 427 (2009)). Litigation stays are not matters of right even if the movant can demonstrate irreparable injury absent a stay. *Nken*, 556 U.S. at 565 (citing *Virginian R. Co. v. United States*, 272 U.S. 658, 672 (1926)).

Stays pending rulings on motion are generally disfavored. *See Flecha v. Neighbors Moving Servs.*, 944 F. Supp. 2d 1201, 1203 (S.D. Fla. 2013) (denying a motion to stay discovery pending ruling on motion to compel arbitration). The moving party must show a clearly meritorious motion

that is truly case dispositive. *See id. (citing Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Defendants cannot make that showing here.[2]

The Complaint, broadly speaking, asserts detailed claims arising from the Operating Agreement and Defendants' alleged failure to adjust membership interests after disproportionate additional capital contributions, followed by their receipt of distributions allegedly disproportionate to the capital they provided. The Complaint alleges that Defendants collectively held 95% of SurgeTrader's membership interests, controlled its affairs, and received more than $20 million in challenged distributions. *See* Compl. [Dkt. No. 1] p. 2-4; p. 10-12; p. 15-16. The core allegations and claims all flow from this foundational theory. Defendants are not strangers to these facts because they, themselves, engaged in the conduct.

Defendants, in their motions to dismiss, raise a multitude of arguments, many of which address factual issues that require discovery and factual determination. But none of their arguments attack the underlying core allegations concerning their membership and roles with SurgeTrader, that SurgeTrader received and utilized capital, and that distributions were made to and received by Defendants. What the motions do surface is a genuine dispute over the facts and the law, which supports a denial of a stay. *See Flecha*, 944 F. Supp. 2d at 1203 (denying a stay of discovery where it appeared there was a genuine dispute over enforceability of an arbitration agreement that was the subject of the pending motion to compel arbitration, which served as the predicate for the motion to stay).

[2]If the Court identifies any pleading deficiency, binding Eleventh Circuit authority strongly favors permitting at least one opportunity to amend absent futility, undue delay, bad faith, repeated failure to cure, or undue prejudice, which are not present here. *See Bryant v. Dupree*, 252 F.3d 1161, 1164-1165 (11th Cir. 2001) (reversing district court's order dismissing case with prejudice despite the fact that the case had been ongoing for three years). Thus, even favorable resolution of Defendants' motions to dismiss will not be case dispositive.

Curiously, the Motion does not contend that fact discovery should stop. On the contrary, it expressly requests that fact discovery continue. Defs.' Mot. [Dkt. No. 75], pp. 1-4, pp. 9, pp. 11-13. This seemingly contradictory position likely seeks to evade the general disfavor for stays of discovery pending Rule 12(b)(6) motions. *See Flecha*, 944 F. Supp. 2d at 1203.

**II. Defendants' Claimed Information Disparity Does Not Exist**

Defendants assert that they cannot meaningfully prepare experts or evaluate settlement without receiving the Receiver's production. But this litigation concerns their company (SurgeTrader) and their conduct (as Manager and controlling members, as the case may be) in improperly operating that company to the detriment of receivership entities whose funds were used to enrich defendants to the entity's detriment.

It is undisputed that the Operating Agreement grants SurgeTrader's Members broad authority over the Company's affairs, including its contracts, accounts, and payments. It also identifies Hertzberg as an initial Manager. *See* Compl. [Dkt. No. 1], Ex. A, pp. 12-14. Moreover, the Complaint alleges that Defendants formed and operated SurgeTrader; that Valo, Oceanfront, and Hollander were Members; that Hertzberg was a Manager; and that the challenged distributions were made to or for Defendants' benefit. *See id.,* p. 2-4; pp. 10-12, pp. 15-16.

Defendants consequently possess, control, or have access to the evidence central to their claimed need for a stay, including: (i) the Operating Agreement; (ii) K-1s and tax records reflecting ownership interests, allocations, and distributions; (iii) SurgeTrader banking, accounting, and transfer records; (iv) communications and decisions concerning additional funding, membership interests, and distributions; and (v) testimony concerning Defendants' own conduct and knowledge.

To be sure, the Receiver, in the course of her court-appointed duties, has obtained information from third parties, including SurgeTrader, notwithstanding Jana Seaman's opposition

to those efforts, resulting in hearings before the magistrate judge in the SEC enforcement action. But Defendants' past resistance to disclosure cannot support a present request for delay. The Receiver will produce responsive, nonprivileged documents within her possession, custody, or control. Discovery "control" is not limited to physical possession; it includes a party's legal right or practical ability to obtain responsive materials. Defendants are working in concert and certainly are able to share information within their possession, custody, or control.

Accordingly, Defendants' suggestion in the Motion that they lack necessary information is unfounded. They have (or have access to) the necessary information to prepare their expert reports and finalize their expert reports once the Receiver serves her expert report on September 14, along with all of the relied upon documents. The fact that Defendants may have chosen to disregard the information within their possession (or to which they have access) does not warrant a stay of fundamental case progression through expert disclosures.

### III. Mediation Should Proceed Under the Existing Schedule

Defendants have failed to demonstrate that mediation will be futile absent rulings on their non-dispositive Rule 12(b)(6) motions to dismiss. The parties already know the central facts arising from the governing Operating Agreement, and the alleged economic harm—approximately $20 million. Defendants' disagreement with the Receiver's legal and damages theories is a reason to mediate—not a reason to defer mediation indefinitely pending rulings on non-dispositive motions.

The Receiver is prepared to mediate in good faith and will consider the arguments raised by the motions to dismiss in the context of the negotiations. Defendants are sophisticated parties represented by sophisticated counsel. Surely, they understand the process and that Rule 12(b)(6) motions are not case or even claim dispositive. The comprehensive motion to dismiss briefing—spanning over 100 pages—substantially frames the parties' positions, which will continue in this

case through summary judgment and trial. The case is ripe for mediation, and the Court should deny Defendants' request to delay the parties' opportunity to resolve matters at mediation.

### IV. Defendants' Proposed Stay Unduly Delays the Progress of this Case and Seeks to Belatedly Disrupt Significant Case Events on the Eve of Their Occurrence

Defendants agreed to mediation on September 11, 2026, knowing that fact discovery would not be completed and expert disclosures would not be served. The Scheduling Order provides that parties may not reschedule the selected mediation date without leave of court. *See* Dkt. No. 66. Yet Defendants waited to file the Motion until ten (10) days before mediation and after the Receiver had expended resources in preparing her mediation statement, which the mediator requested by September 4, 2026. Their chosen timing does not create an exigency warranting expedited attention. Nor should it disrupt the occurrence of a multiparty mediation that was scheduled months ago in the face of a Scheduling Order that: (i) requires completion of mediation by November 30, 2026; requires completion of all discovery—including expert discovery—by on November 2, 2026; and (iii) contains a trial setting for the two-week calendar beginning May 17, 2027. *See* Dkt. No. 66. Defendants have been aware of the timing of these deadlines for months. Notwithstanding their awareness of the dates and deadlines in the Scheduling Order since its entry, they chose to seek relief 10 days before mediation and 13 days before the commencement of the expert disclosures sequence. Their strategic decision to spring this request upon the Receiver and the Court on the eve of critical events in this case weigh heavily against upending the progression of this case.

## CONCLUSION

For the foregoing reasons, the Receiver respectfully requests that the Court deny Defendants' Expedited Motion to Stay Mediation and Expert Discovery Deadlines Pending Rulings on Motions to Dismiss [Dkt. No. 75] and grant such other relief as the Court deems just and proper.

Dated: September 3, 2026.

Respectfully submitted,

*/s/ Kristopher E. Pearson*
Kristopher E. Pearson
Florida Bar No. 16874
kpearson@dvcattorneys.com
DAMIAN | VALORI | CULMO
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: (305) 371-3960

Counsel for Melanie E. Damian,
as Court-Appointed Receiver

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 3, 2026, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I further certify that the foregoing is being served through CM/ECF on all counsel of record.

*/s/ Kristopher E. Pearson*
Kristopher E. Pearson